Mr. Edmond filed a motion in the District Court seeking to vacate his criminal convictions pursuant to 28 U.S.C. Section 2255 because he received ineffective assistance from his trial counsel as a result of his trial counsel's failure to file a motion to suppress evidence that had been obtained pursuant to a search warrant that was ultimately used against Mr. Edmond at trial. Now in ruling on Mr. Edmond's motion, the District Court found that Mr. Edmond's trial counsel made an objectively unreasonable error in failing to file the motion, and the District Court found that no probable cause existed for the issuance of the search warrant either. And in particular, the District Court recognized that the search warrant was based on a complaint for search warrant that was based on statements made by a confidential informant who had supposedly seen Mr. Edmond one time in possession of drugs at a house in Chicago. However, the complaint failed to state when the informant had allegedly seen Mr. Edmond in possession of the drugs. And because the complaint failed to contain this information, there is no way to know how much time had elapsed from the time the informant observed, or allegedly observed Mr. Edmond in possession of the drugs to when the officer applied for the warrant, thus there is no way to determine whether it was reasonably likely that a search would uncover evidence of illegal activity at the Ridgeway residence. Why can't the warrant application be read, or the warrant complaint be read as, or at least reasonably be construed as stating that the informant made the buy at the defendant's residence on the date that he spoke with the officer? Well, Your Honor, I think there's two reasons for that. First is, the plain language of the warrant is clear, that it says on May 18th, the informant related to the officer, not that the informant was in the residence. Related to the officer that he was at the residence. Correct, Your Honor. In the presence of the defendant gives the address in the basement apartment, and one reasonable reading of that is that that day he was at the residence. Well, Your Honor, as the district court, and I don't believe the government in its brief also said that the warrant did not state exactly when the transaction occurred. But I think even if you were to construe it that way, it raises a separate issue in that the warrant also, or the affidavit is clear that the informant ingested heroin. So now, if it was to be read that way, now you're having a complaint that is based on statements made by someone who is under the influence of heavy narcotics at the time he is making the statement. But the district court, and the district court found that because it did not state clearly that when the informant allegedly observed the drugs, there could be no finding of probable cause. However, it still found that the good faith exception could apply. And in our brief, Your Honors, we raised two grounds for why we didn't think the good faith exception could apply. However, here, I just want to focus on the fact that I don't think the good faith exception could apply because the complaint, with missing this temporal information, the complaint was so lacking in indicia of probable cause that no reasonable police officer could rely on it. Counsel, let me ask you this question. As Judge Sykes said, it's possible to construe the affidavit as saying that the confidential informant ingested the heroin, conducted the buy on the 18th. If you construe it like a statute, I agree, it wouldn't, the plain language, as the district court said, wouldn't bear that meaning. When you think about the good faith exception, however, and you think about whether it's plain on the face of the affidavit that the temporal element was missing, wouldn't the good faith exception, even if we concede that the affidavit was lacking in the temporal element because of the way it was expressed in this paragraph, given that there seems to be at least some ambiguity here, why wouldn't the good faith exception cut in favor of saying what's not plainly deficient? Well, Your Honor, because the good faith exception is based on what an objectively reasonable police officer would believe. And I believe an objectively reasonable police officer should follow the plain language of the complaint. And if the complaint is ambiguous as to whether or not it says the informant was in the residence on this date or it was not, you can't say, oh, in good faith, I'm going to believe that he was and there was probable cause. You know, you should. But it may not have appeared as ambiguous to those who are relying on it. I mean, the ASA and the magistrate, you know, had, you know, the judge had signed off on it. And it's possible when you're reading this to think it not ambiguous. Your Honor, Your Honor, it may be possible, but that's why it's an objective standard. And it should be and the plain language should control under an objective standard, not someone's subjective interpretation of what they what they think they read. And, Your Honors, and this is why, actually, the Sixth Circuit in U.S. v. Hython in a case that had very similar factual circumstances is here found that the good faith exception could not apply because when the complaint fails to, if you give it the plain, if you read it in the plain language of the complaint, when the complaint fails to state when the word narcotics, there's no way to determine whether or not probable cause exists because you don't know how long ago the alleged illegal activity was seen. Well, Hython, the warrant application had no date at all rather than this arguably ambiguous phrasing. That's correct, Your Honor. It did not have a date. It did not have any date. But on the other hand, Hython was based on a controlled by conducted by police officers. So, you know, I would submit if you were going to draw, I would, if you were going to draw an inference, it would be, you would believe that a police officer who conducts a controlled by would go in pretty quickly after doing that to apply for a warrant. And the Sixth Circuit rejected that. And the reason is you have to, you have to limit your review to the four corners of the complaint. Yes. And then apply the plain language standard. And as the, as the district court did here, but so for that reason, we think that the district court erred because under its reasoning, it should have been impossible for any objectively reasonable police officer to determine whether this complaint established probable cause. And the good faith exception should not apply in that case. But on top of that, there were other, if you were applying the full totality of the circumstances, factors for determining whether or not probable cause exists, the, there are other deficiencies in the complaint, such as the lack of presentment of the informant to the issuing magistrate, very minimal police corroboration that this court has repeatedly criticized and a sparse factual detail that I think compound the initial deficiency of the lack of the temporal reference point. So with that said, Your Honor, I'd like to reserve the, Your Honor, reserve the remainder of my time for rebuttal, but I will ask this court to reverse the district court's decision. Thank you very much. That's fine. Thank you. May it please the court. My name is Raj Ladd. I represent the government in this appeal. I want to jump right into this issue of the date in the application. I think it is capable of multiple readings, and we do certainly believe that it can be read to say the meeting happened on the same day. And I think this sums up, it's a good example of the somewhat unusual standard of review for probable cause, which is de novo, but with great deference to the issuing magistrate. And I think that is, this kind of captures that situation. You have something that's susceptible of multiple readings, but it's clear that the issuing magistrate very likely read it to say it was the same day, because without that, you would have expected at least a judge to ask the follow-up question, what day do you think it's being sentenced? For that reason, we think that there was probable cause in this affidavit to begin with. But getting to the issue of whether the police officer could have relied in good faith on where there was no information where you could infer the date of the purchase of the heroin. Here, there is a date in there that one can read to be the date that the transaction took place. Even putting that to the side, there's other significant temporal information to use the defendant's phrase. It describes this being a registered confidential informant that the officer has relied on multiple times, over six times, over the past two months. Each instance leading to the recovery of narcotics, and it describes the date of the meeting. There's no dispute that that was the day before the warrant was sworn out. From all of that information, one could also infer that this is reasonably fresh information. Information likely to lead to the recovery of evidence, which is, after all, the inquiry here, which is just a common sense, non-technical inquiry into whether or not there's a fair probability that evidence of a crime will be found. I noticed that you don't stress in your brief, if you mention it at all, the fact that the defendant apparently had somewhat of a supply of this drug, and therefore that this might have been an ongoing enterprise of his. I wondered why you either omitted or de-emphasized that point in your brief. It struck me as something I would have expected the government to emphasize. Your Honor, it wasn't a deliberate omission, so any shortcomings in advocacy are my own, but I think it is significant that it was enough supply that, for example, was significantly less than the informant purchased that day, which would suggest that some remains. I will acknowledge this is a little different than, for example, the Mitten case where there was investigative activity on multiple days that suggested the defendant purchased narcotics over time. You know, I also want to highlight that this is a warrant that would otherwise, just to respond to counsel's point, satisfy this court's review. The most crucial characteristic here is that it was a registered confidential informant with a proven track record of success. Nearly all of the cases relied upon by the defense to criticize the showing of probable cause here involve John Doe-type search warrant, which is a procedure commonly used by the state where somebody is arrested that day, provides information that makes its way into an affidavit. At that time, the track record of that person as an informant is completely unknown, and they're under a very strong incentive to make law enforcement happy because they're under arrest at that time. Here we have somebody who is cooperating with law enforcement over time and has a proven track record of success. The affidavit is detailed, describes the quantity of the heroin, how it was stored in the shoe box, where it was stored in the building, and the other crucial piece of credibility information that was disclosed here was that the informant ingested the heroin. You know, that obviously bears on credibility, but that was disclosed to the issuing magistrate who considered it and issued the warrant. Under the regulations at the time, at least, the police officer was not required to enter the date on the complaint, is that right? He was not required to disclose the criminal history of the confidential informant. I don't know of a practice one way or another. There's certainly not one in the record stating that the officer must or must not include particular information about the date of the transaction in the affidavit. I think it's clear from the officer's testimony in the course of litigation here that he wanted to and intended to, so I acknowledge that it should be in there, I just think he did communicate it. Your basic argument then is that any reasonable officer looking at the complaint and the warrant would say, we've got probable cause here. That's correct, Your Honor. There's a totality. I mean, the informant went in there, purchased heroin, there was a substantial supply such that there'd be some left when the officer came back, and it was an informant who was at least six for six over the past two months, so that's a very strong track record. That's not an informant who's in the habit of providing stale or inaccurate information. Just my recollection, you know, we juggled maybe 15 of these probable cause cases in our heads at the same time. The officer who made out the complaint here, was he the executing officer? He was, Your Honor. So if there are no other questions, I'll rest on the briefs as to the remaining points and just ask that the district court's decision be affirmed because the defendant could not have prevailed on his motion to suppress even if he had filed one. Thank you.  Mr. Alford? Thank you, Your Honor. Just a couple points. Mr. Loud described the fact that the informant was a reliable, confidential informant as being one of the most important characteristics in determining as to whether or not good faith could apply here. And I think in a number of circumstances, that would be absolutely correct. But I think what distinguishes this case here is the fact that when you don't have the date and you don't know when he saw the drugs, he could be reliably telling the truth that he saw the drugs, but you'd still have no way to determine whether or not those drugs would still be there when you actually applied for the warrant unless you know how much time has elapsed. And I think to the same point about whether or not there was a sufficient quantity of drugs there as to whether or not this might be an ongoing enterprise, that might apply if there was a dispute as to whether or not this was done five days versus seven days and whether or not it was still likely there. But I don't think it applies when you don't know how long ago the drugs were viewed and you can't make that temporal determination, and that's why the district court found there was no evidence of ongoing criminal activity here. So with those points, Your Honor, we just reiterate that for the reasons here today and for the reasons set forth in our briefs, we ask that this court reverse the district court's decision. Thank you very much. Thank you. Our thanks to all counsel. The case is taken under advisement.